IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARIA ESTELA TETLA MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-cv-00045-BL |
| | ) | |
| SCOTT BYRD, *Sheriff, Coffee County Detention Center;* MELLISSA HARPER, *ICE New Orleans Field Office Director*; TODD LYONS, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and KRISTI NOEM, *Secretary of Homeland Security* and PAMELA BONDI, *U.S. Attorney General*, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

The Petitioner has filed two motions for temporary restraining orders (Docs. 2, 11) and a motion for an order to show cause and for production of evidence on an emergency basis (Doc. 9) in the above-styled case. Before the court can address those motions, however, it must ensure that it has subject matter jurisdiction over this case. *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that

jurisdiction does not exist arises.").  The government argues that the court lacks subject matter jurisdiction over this case (Doc. 16 at 14), and "a federal court is obligated to inquire into subject matter jurisdiction … whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

On January 21, 2026, Petitioner Maria Estella Tetla Martinez filed this action for a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2241 against Respondents Scott Byrd, Sheriff of Coffee County Detention Center; Mellissa Harper, New Orleans Field Office Director for Immigration and Customs Enforcement ("ICE"); Todd Lyons, in his official capacity as Acting Director of ICE; Kristi Noem, Secretary of the Department of Homeland Security; and Pamela Bondi, United States Attorney General, (collectively, "Respondents").  (Doc. 1).  The petition alleges that the Respondents' actions violate the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act, the *Accardi* doctrine, and the Immigration and Nationality Act.  (Doc. 1).  For the reasons stated herein, the court finds that the Petitioner's petition is due to be **DISMISSED** for lack of subject matter jurisdiction.

## I.    Procedural Posture

The Petitioner is a 47-year-old noncitizen who has resided in the United States since February 2002 after entering the country without inspection.  (Doc. 1 ¶ 30).  The Petitioner alleges that she has never been encountered by ICE "and has never

been the subject of removal proceedings, a prior removal order, or any immigration petition." (Doc. 1 ¶ 30). On October 25, 2025, the Petitioner was "arrested at her residence in Enterprise, Alabama, in connection with an alleged domestic violence incident." (Doc. 1 ¶ 31). In her petition filed on January 21, 2026, the Petitioner asserts that, following her arrest on October 25, 2025, the Petitioner was taken into custody at the Coffee County Jail and "[a]t no point during or after the arrest was she served with a Notice to Appear (NTA), nor was she formally placed into removal proceedings … ICE has not yet issued a warrant for her arrest, *only a hold*." (Doc. 1 ¶ 32) (emphasis added). Further, at the time the petition was filed, the Petitioner alleged that she was "confined at Coffee County Detention Center in New Brockton, Alabama, and face[d] imminent and unlawful transfer *into ICE custody*." (Doc. 2 at 1-2) (emphasis added).

According to the declaration of Assistant Field Office Director Francisco J. Ayala, on October 25, 2025, the Enforcement and Removal Operations division of ICE "determined [the Petitioner] was present in the United States in violation of the Immigration and Nationality Act … [and] then issued a [Department of Homeland Security] DHS Form I-247A Immigration Detainer – Notice of Action." (Doc. 16-1). The Petitioner filed the instant action on January 21, 2026. (Doc. 1 at 49-50). On January 22, 2026, the City of Enterprise dismissed with prejudice the Domestic Violence 3rd charge against the Petitioner. (Doc. 9-1). On January 24, 2026, "ERO

arrested [the] Petitioner following her release from Coffee County Jail, and she was taken to the Montgomery ERO Suboffice for processing.  She was then transported to Pickens County Jail where she remains in ICE custody." (Doc. 16-1).  Finally, "[o]n January 24, 2026, DHS served [the] Petitioner with Form I-862, Notice to Appear (NTA) pursuant to Section 212(a)(6)(A)(i) and Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA), placing [the] Petitioner in immigration court proceedings under INA § 240." (Doc. 16-1).  This court held a hearing in the above-styled case on January 29, 2026.

## II.   Legal Standard

"For a court to have jurisdiction over an immigration-related habeas claim, … the petitioner must be in the custody of the immigration agency[,] and the mere filing of a detainer by ICE does not place an individual in ICE's custody for purposes of subject-matter jurisdiction under 28 U.S.C. § 2241." *Gomez-Cruz v. Bradley*, No. 7:19-cv-1069-ACA-GMB, 2020 WL 4680277 *2 (N.D. Ala. July 21, 2020) (*citing Roberts v. INS*, 372 F. App'x 921, 924 (11th Cir. 2010)).  "'Custody' is determined as of the time of the filing of the petition." *Patel v. U.S. Atty. Gen.*, 334 F. 3d 1259,1263 (11th Cir. 2003).  The "'filing of [a] detainer, standing alone, [does] not cause [the petitioner] to come within the custody of [DHS]' for purposes of § 2241 jurisdiction." *Roberts v. INS*, 372 F. App'x 921, 924 (11th Cir. 2010) (*quoting Orozco v. INS*, 911 F. 2d 539, 541 (11th Cir. 1990)).    Further,

> [t]he issuance of an immigration detainer alone does not bring a person within the custody of ICE for the purposes of Section 2241. … Rather, the detainer must be coupled with a final removal order. … This rule comports with the foundational basis for habeas corpus jurisdiction, which requires the petitioner be in custody of the authority he seeks relief from.

*Lozano v. Stone*, CV 318-053, 2019 WL 11278560 *1 (S.D. Ga. Mar. 21, 2019).

Thus, when a Petitioner is "not in ICE custody, [a] district court lack[s] subject-matter jurisdiction to consider [a] § 2241 petition against ICE." *Gonzales-Corrales v. I.C.E.*, 522 F. App'x 619, 623 (11th Cir. 2013).

## III.    Analysis

The Petitioner argues that she was in "constructive federal immigration custody" as of January 22, 2026, when her state charges were dismissed.  (Doc. 17 at 2, 6).  Even so, at the time she filed her petition on January 21, 2026, which is the time at which this court must assess subject matter jurisdiction, she was not in ICE custody.  At the time she filed her petition on January 21, 2026, ICE had only placed a detainer on her and nothing more.  As alleged by the Petitioner, at the time of filing her petition, she did not have removal proceedings against her and no removal order had been issued against her.  ICE's detainer alone, without more, did not place her in ICE custody on January 21, 2026, when she filed her petition.  Because the

Petitioner was not in ICE custody at the time she filed the petition, the court lacks subject matter jurisdiction to consider her § 2241 petition against ICE.[1]

Moreover, "[t]o bring suit under the APA, [Petitioner] must demonstrate that the decision at issue was 'final agency action.'" *Canal A Media Holding, LLC v. United States Citizenship & Immigr. Servs.*, 964 F. 3d 1250, 1255 (11th Cir. 2020) Here, there is no final agency action for purposes of the APA because, by the Petitioner's own pleading, she "has never been the subject of removal proceedings, a prior removal order, or any immigration petition." (Doc. 1 ¶ 30). Because "the challenged agency action was not a final order," the court does not have subject matter jurisdiction to decide the Petitioner's APA claim. *Canal*, 964 F. 3d at 1255.

Although the court acknowledges that the Petitioner is now in ICE custody, she remains in Pickens County, which is not located in the Middle District of Alabama. Thus, the court finds that it lacks subject matter jurisdiction over the petition.[2]  Accordingly, it is **ORDERED** as follows:

---

[1] Although the Petitioner was in the custody of the Coffee County Sheriff at the time of the filing of the petition, she alleges no constitutional violations against Respondent Byrd for her state custody detention on her state charge of Domestic Violence 3rd.  The Petitioner's § 2241 petition alleges constitutional violations against ICE, not Respondent Byrd.  Thus, there is no basis for a § 2241 claim against Respondent Byrd.

[2] To the extent that the Petitioner makes reference to a non-habeas claim under the Declaratory Judgment Act, that claim under the Act "does not, of itself, confer jurisdiction upon federal courts." *Balsam v. United States*, 2025 WL 841640 *4 (11th Cir. Mar. 18, 2025).

1. The petition (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.

2. In light of the court's lack of subject matter jurisdiction over this action, the court cannot reach the Petitioner's pending motions.

**DONE** and **ORDERED** on this the 29th day of January, 2026.

_____

BILL LEWIS
UNITED STATES DISTRICT JUDGE